[Civ. No. 4103. First Appellate District, Division Two.—July 18, 1922.]

F. R. NOYES, Appellant, v. VERNALIS FARMING COMPANY (a Corporation), Respondent.

[1] BROKER'S COMMISSIONS — FALSE REPRESENTATIONS — FINANCIAL ABILITY OF VENDEES—EFFECT OF.—Judgment affirmed on the authority of *Henderson* v. *Vernalis Farming Co.* (*a Corporation*), *ante*, p. 541.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Affirmed.

The facts are similar to those stated in the opinion in *Henderson* v. *Vernalis Farming Co.* (*a Corporation*), *ante*, p. 541 [208 Pac. 982].

J. W. Henderson and Fabian D. Brown for Appellant.

W. G. Irving and Philip C. Boardman for Respondent.

NOURSE, J.—Judgment in this action was rendered in favor of defendant, and plaintiff appeals. Plaintiff sued as assignee of Estelle Nelson Avery for the specific performance of a contract between Estelle Nelson Avery and defendant, dated July 30, 1913, providing as follows: "Whereas, said Vernalis Farming Company has agreed with W. C. Walker that upon the sale by said Walker, or through his efforts, of a certain tract of farming land belonging to said Vernalis Farming Company to F. M. Cale and Theodore Schieve, the said Vernalis Farming Company will pay said Walker a commission of 2½ per centum upon the purchase price of said land, which 2½ per centum amounts to fifty-four hundred and sixty (5460) dollars, and a like commission of 2½ per centum, amounting to fifty-four hundred and sixty (5460) dollars, to Estelle Nelson Avery, it is hereby agreed that in the event that such sale shall be concluded, the said Vernalis Farming Company will pay said commission to said Estelle Nelson Avery as follows." The balance of the agreement is in the exact language of the correspond-

ing portion of the agreement between Walker and defendant quoted in the decision filed this day in an action by Walker's assignee against this defendant, numbered 4111 and entitled "J. W. Henderson, Plaintiff and Appellant, *v.* Vernalis Farming Company (a Corporation), Defendant and Respondent," except that where the name Walker appears therein the name Estelle Nelson Avery is substituted in this agreement. The parties herein stipulated to facts similar to those set out in the statement of that case, and in addition stipulated that, at the time of the making of the agreement between Cale and Schieve and defendant, the property referred to therein as escrowed by the former as security for their performance of the agreement was of the clear value of fifteen thousand dollars. **[1]** The evidence in this case is such that what has been said in the decision in the Henderson case applies equally here, and for the same reasons there given the judgment is affirmed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 14, 1922.

All the Justices present concurred.

Richards, J., *pro tem.,* and Myers, J., *pro tem.,* were acting.